IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JESSIE D. BOYETT, JR.**                                                        **PETITIONER**

**V.**                        **CIVIL ACTION NO. 3:25-CV-00070-MPM-RP**

**STATE OF MISSISSIPPI**                                                **RESPONDENT**

<u>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**</u>

This matter comes before the Court on Petitioner's *pro se* "Motion to 'Show Cause' F.R.Civ.P. Rule 60 (b)(6)." Doc. # 9. Petitioner takes issue with the Order converting this case to a habeas filed under 28 U.S.C. § 2254 rather than allowing it to proceed as filed under 28 U.S.C. § 2241. *Id.*; *see also* Doc. # 2.

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court can relieve a party from an order for one of six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged it is based on an earlier judgment that has been reversed or vacated or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b)(1) allows a court to "rectify an obvious error of law." *Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 547 (5th Cri. 2009). Where a party relies on the catchall provision of 60(b)(6), he must demonstrate "extraordinary circumstances" warranting the reopening of the decision in question. *See Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013).

Petitioner's entire motion consists only of random regurgitations of law and citations of authority, none of which the Court finds relevant or applicable to the circumstances presented here. Beyond these citations and conclusory assertions of error, Petitioner offers little substantive argument

as to why reconsideration is warranted. He fails to identify any "obvious error of law" and further fails to demonstrate the existence of extraordinary circumstances justifying reconsideration of the order converting this cause to a habeas filed under Section 2254. As such, the Court finds that Petitioner's motion [9] is not well-taken and is, therefore, **DENIED.**

    **SO ORDERED**, this the 3rd day of June, 2025.

                                                  /s/Michael P. Mills
                                                  UNITED STATES DISTRICT JUDGE
                                                  NORTHERN DISTRICT OF MISSISSIPPI