IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JESSIE D. BOYETT, JR.**                                                                              **PETITIONER**

**V.**                                     **CIVIL ACTION NO. 3:25-CV-00070-MPM-RP**

**STATE OF MISSISSIPPI**                                                                 **RESPONDENT**

## **ORDER DENYING CERTIFICATE OF APPEALABILITY**

This matter comes before the Court *sua sponte* for consideration of whether a Certificate of Appealability ("COA") should issue in this cause. On December 26, 2024, Petitioner Jessie D. Boyett, Jr., initiated *these* federal habeas corpus proceedings by filing a petition under 28 U.S.C. § 2241.[1] Doc. # 1; *see* Doc. # 2. On March 7, 2025, the Court entered an Order converting this case to a habeas proceeding under 28 U.S.C. § 2254, and directing Boyett to complete and return the Court's standard form for petitions filed under 28 U.S.C. § 2254 and to proceed *in forma pauperis* in this action. Doc. # 2. The Order required Boyett to return these completed forms within twenty-one (21) days. *See id.* The Order further warned Boyett that his failure to comply may lead to the dismissal of this action. *Id.*

As Boyett failed to complete and return the forms, the Court entered an Order on April 4, 2025, directing Boyett to show cause within fourteen (14) days why his case should not be involuntarily dismissed for failure to prosecute and failure to comply with an order of the court as provided by Rule 41(b) of the Federal Rules of Civil Procedure. Doc. # 6. The deadline imposed by the Show Cause Order passed, but Boyett confirmed receipt of the Order by signing and returning an Acknowledgment of Receipt on April 8, 2025. Doc. # 7. Despite being given two

---

[1] The document was originally docketed in Boyett's companion proceeding as an amended petition, *see Boyett v. Cain*, No. 3:24-cv-376-MPM-JMV, Doc. # 4, but Boyett later moved the Court to open a separate case for the second filing, *see Id.* at Doc. # 14, which the Court granted. *See Id.* at 15.

opportunities to do so, Boyett failed to complete and return the necessary forms. As a result, the Court entered an Order of dismissal without prejudice for Boyett's failure to prosecute and obey an order of the Court. *See* Doc. # 8.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner,[2] and Boyett must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). This Court may only grant a COA if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA for claims rejected on their merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For claims rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order for a COA to issue. *Id.* Applying this standard, and for the reasons stated in the Court's Order of Dismissal Without Prejudice, *see* Doc. # 8 the Court concludes that a COA should be **DENIED**.

**SO ORDERED**, this the 14th day of July, 2025.

    /s/Michael P. Mills
    **UNITED STATES DISTRICT JUDGE**
    **NORTHERN DISTRICT OF MISSISSIPPI**

---

[2] The Court is unsure whether a dismissal without prejudice would truly constitute an "adverse" ruling in this instance, but proceeds as such out of an abundance of caution.